[No. 37140.    Department Two.    June 11, 1964.]

LOWELL D. SPERLINE et al., *Respondents*, v. ALBERT D. ROSELLINI et al., *Appellants*.*

*The Attorney General*, and *Angelo R. Petruss, Assistant*, for appellants.

*Sperline & Kuntz*, for respondents.

PER CURIAM—This is an action for a declaratory judgment seeking construction of Laws of 1959, chapter 72, § 1 and an order restraining and prohibiting the State Highway Commission from transferring lands acquired by it for highway purposes to the State Parks and Recreation Commission.

Laws of 1959, chapter 72, § 1[1] provides:

"The Washington state highway commission is authorized and directed to set aside or convey to the state parks and recreation commission so much of certain lands presently owned or to be acquired by the highway commission situated in Douglas county and lying along the eastern shore

*Reported in 392 P. (2d) 1009.

[1]This law has been classified by the code revisor as special legislation and for that reason has not been codified in the Revised Code of Washington.

of the Columbia river, north of the community of East Wenatchee, *as will not be required for highway purposes.* . . . " (Italics ours.)

The parties have agreed that the State Highway Commission has negotiated to transfer the lands involved to the State Parks and Recreation Commission.

The only witness to testify was the district engineer for the State Highway Department, District 2 (which includes the lands in question). He testified that the lands had not been declared surplus. The trial court concluded that the lands were required for highway purposes, and adjudged that chapter 72 authorized the transfer of lands "only to the extent the same are not required for highway purposes"; hence, the trial court, upon the record before it, restrained the transfer of the property to the State Parks and Recreation Commission.

■ The Highway Commission's basic contention is that the trial court erred in its construction of chapter 72. The statute is clear and unambiguous. We cannot agree with the Commission's argument that the statute is a legislative declaration that the lands involved are not necessary for highway purposes. The statute authorizes and directs the transfer of only ". . . so much of certain lands . . . *as will not be required for highway purposes.*" (Italics ours.)

The only evidence before the court is that the lands are presently required for highway purposes; therefore, so long as they are so required, the Commission is not empowered by Laws of 1959, chapter 72, § 1 to transfer them to the State Parks and Recreation Commission.

The judgment is affirmed.